

Jason H. Kislin
Tel 973.360.7906
Fax 973.301.8410
Kislinj@gtlaw.com

May 27, 2020

**VIA ELECTRONIC FILING**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re*:*   *Dos Bowies, LP, et al. v. Michael Ackerman, et al.*,
           Case No. 1:20-cv-2479 (S.D.N.Y.)

Dear Judge Schofield,

    This firm represents Mr. James A. Seijas in the above-referenced matter. Mr. Seijas, whose response to the Complaint is currently due on June 1, 2020, respectfully submits this pre-motion letter, pursuant to Rule III.C.2 of the Court's Individual Rules and Procedures for Civil Cases, in advance of his Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This letter outlines the grounds for Mr. Seijas's anticipated motion and a proposed briefing schedule

    **I.**     **Grounds for Dismissal**[1]

        **A. Specificity of Allegations Against Each Defendant Under Rule 8(a) and 9(b)**

    As an initial matter, Plaintiffs' Complaint must be dismissed in its entirety for failing to comply with Federal Rule of Civil Procedure 8(a) and 9(b), since the Complaint impermissibly lumps all three Defendants together, without adequately differentiating between and among them. Where, as here, the Complaint names multiple defendants, it must, at minimum, set forth facts sufficient to distinguish the conduct of each named defendant, so as to "give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (quoting *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961)); *see also Ochre LLC v. Rockwell Architecture Planning and Design, P.C.*, No. 12-cv-2837, 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012). Here, the Complaint makes only broad sweeping allegations – lacking facts specific as to each Defendant (especially with respect to Mr. Seijas) – which fails to satisfy Rule 8(a) and 9(b)'s pleading requirements and, accordingly, requires dismissal of Plaintiffs' Complaint in its entirety.

---

[1] The outline of the arguments to be presented should not be deemed a waiver of any defenses Mr. Seijas has and Mr. Seijas reserves the right to identify additional grounds of dismissal to the extent that such grounds become apparent at a later date.

The Honorable Lorna G. Schofield
May 27, 2020
Page 2

### B. Failure to Plead with Particularity

Plaintiffs' fraud-based claims (Counts II-V, VII, and VIII)[2] should be dismissed as to Mr. Seijas, since Plaintiffs fail to plead their fraud claims with the required particularity. *See Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004) (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)). In addition, with respect to Plaintiffs' Rule 10b-5 claim (Count II), Plaintiffs are further required to satisfy Private Securities Litigation Reform Act's ("PSLRA") heightened pleading standard, which requires that "any private securities complaint alleging that the defendant made a false or misleading statement must: (1) specify each statement alleged to have been misleading and the reason or reasons why the statement is misleading; and (2) state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007) (internal quotation marks and citations omitted). Here, the allegations supporting each of Plaintiffs' fraud-based and Rule 10b-5 claims are vague and conclusory, and fail to satisfy Rule 8(a), let alone Rule 9(b)'s and PSLRA's heightened pleading requirements.

### C. Failure to Plead Materiality or Reliance

Plaintiffs' Rule 10b-5 (Count II) and fraudulent inducement (Count III) claims must separately be dismissed for failure to adequately allege that Mr. Seijas made material misrepresentations that Plaintiffs relied upon. To state a claim under each, Plaintiffs must allege, among other things, that Mr. Seijas made a material misrepresentation and that Plaintiffs reasonably relied upon that misrepresentation. *See e.g.*, *Ashland Inc. v. Morgan Stanley & Co.*, 652 F.3d 333, 337 (2d Cir. 2011). As noted above, with respect to Count II, these allegations must also meet PSLRA's heightened particularity. *Tellabs, Inc.*, 551 U.S. at 321. Fatal to both claims is the fact that the Complaint fails to identify any material misstatements made by Mr. Seijas, let alone material misstatements that were relied upon by Plaintiffs.

### II. Proposed Briefing Schedule

Mr. Seijas respectfully proposes the following briefing schedule: Mr. Seijas's motion to dismiss be due June 8, 2020, Plaintiffs' response in opposition be due on Tuesday June 30, 2020 (21 days later) and that Mr. Seijas's reply be due on Wednesday July 15, 2020 (14 days later).

Respectfully submitted,

*/s/ Jason H. Kislin*
Jason H. Kislin

---

[2] Because Counts IV (Breach of Fiduciary Duty), V (Civil Conspiracy to Commit Fraud), VII (Conversion), and VIII (Unjust Enrichment) are all premised on alleged fraudulent conduct, Plaintiffs are required plead each claim with Rule 9(b) particularity. *See, e.g.*, *Haraden Motorcar Corp. v. Bonarrigo*, No. 19-cv-1079, 2020 WL 1915125, at *5 (N.D.N.Y. April 20, 2020); *See Spira v. Curtin*, No. 97-cv-2637, 2001 WL 611386, at *3 (S.D.N.Y. June 5, 2001).