

MARK DAVID HUNTER, ESQUIRE
(ADMITTED NY, FL AND DC)

E-MAIL: MHUNTER@HTFLAWYERS.COM

June 3, 2020

**Via CM/ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1106
New York, NY 10007

    Re:    ***Dos Bowies, LP, et al. v. Michael Ackerman, et al.***
            **Case No. 1:20-cv-02479-UA**

Dear Hon. Judge Schofield:

    We are counsel for Plaintiffs in the above-captioned matter. Pursuant to the *Individual Rules and Procedures for Civil Cases*, Rule III.C.2, Plaintiffs respectfully submit this letter in opposition to Defendant James A. Seijas's ("**Seijas**") pre-motion letter dated May 27, 2020 (Docket Entry [D.E.] 19), concerning Seijas's anticipated Motion to Dismiss Plaintiffs' Complaint. For the reasons set forth more fully herein, Plaintiffs respectfully request that the Court deny Seijas's request to file a Motion to Dismiss:

### Introduction

    Plaintiffs filed their Corrected Complaint ("**Complaint**") in this matter on or about March 23, 2020 (D.E. 15-1). As detailed in Plaintiffs' Complaint, Defendants, including Seijas, operated a fraudulent scheme in which they solicited and misappropriated Plaintiffs' funds to purportedly trade virtual currencies. Due to Seijas's material misrepresentations and omissions to Plaintiffs as detailed in the Complaint, Plaintiffs asserted causes of action against Seijas including, violations of Section 10(b) of the Exchange Act and Rule 10b-5(a), (b) and (c) (Count II), Fraudulent Inducement (Count III), Breach of Fiduciary Duty (Count IV), Civil Conspiracy to Commit Fraud (Count V), Negligence (Count VI), Conversion (Count VII), and Unjust Enrichment (Count VIII). While Plaintiffs' Complaint details approximately 42 paragraphs of factual allegations, Seijas now seeks the Court's approval to dismissal of Counts II-V, VII, and VII for Plaintiffs' alleged failure to plead fraud with the requisite particularity, as well as Counts II and III due to Plaintiffs' alleged failure to plead materiality or reliance.

    **A.**    **Plaintiffs' Complaint Complied with Federal Rules 8(a) and 9(b)**

    In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept[] all factual allegations in the complaint and draw[] all reasonable inferences in the plaintiff's favor."

*Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008).  Seijas claims Plaintiffs' Complaint failed to satisfy the pleadings standards set forth in Fed. R. Civ. P. 8(a) and 9(b).  To satisfy Rule 9(b), "a complaint alleging fraud must '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 25 (2d Cir. 2016), quoting *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Even the most cursory review reveals the flaw in Seijas's arguments, as Plaintiffs have specifically detailed more than 16 factual allegations concerning Seijas's misrepresentations and omissions to Plaintiffs. *See* Complaint at ¶¶ 79-80.  Moreover, Plaintiffs specifically alleged Seijas made these misrepresentations and omissions with the understanding that they would be communicated to all Plaintiffs in the instant matter. *Id*. at ¶ 81.  Moreover, Plaintiffs identified specific misrepresentations by Seijas. *See Id*. at ¶¶ 96, 98.  Accordingly, Plaintiffs have clearly satisfied the pleading standards set forth in Rules 8(a) and 9(b).

### B. Plaintiffs' Fraud-Based Claims are Plead with Requisite Particularity

Plaintiffs detailed their fraud-based claims with specificity and particularity, as required by Rule 9(b).[1]  Moreover, Plaintiffs' allegations satisfy the Private Securities Litigation Reform Act's ("PSLRA") heightened pleading standards in connection with Count II against Seijas. *See Id*. at ¶¶ 79-80, 81, 96, and 98.  Under the PSLRA, a plaintiff must "(1) specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading; and (2) state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Tellabs, Inc. v. Makar Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007) (internal citation and quotation marks omitted). However, the Second Circuit has held that pleading of "detailed evidentiary matter" is not required to state a claim for relief even under these heightened pleading standards. *In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 72 (2d Cir. 2001) (citations omitted).  As detailed throughout Plaintiffs' Complaint, Seijas, in concert with the other Defendants, all actively made misrepresentations and omissions to Plaintiffs, both verbally and in writing.

As set forth above, the Complaint specifically identifies Seijas's fraudulent conduct.  Plaintiffs specifically alleged Seijas made material misrepresentations. *See* Complaint at ¶ 79.  Seijas made each of those misrepresentations to Plaintiffs, and he knew such representations were false when he made them.  Accordingly, Plaintiffs' Complaint satisfies the applicable pleading standards of Rule 9(b) and PSLRA.

### C. Plaintiffs Adequately Plead Materiality and Reliance

Plaintiffs adequately, and specifically, plead materiality and reliance in connection with their Rule 10b-5 claim against Seijas.  With respect to Plaintiffs' Rule 10b-5 claim against Seijas, Plaintiffs specifically alleged that Seijas made materially false and misleading statements

---

[1] Seijas claims Plaintiffs' causes of action for Civil Conspiracy to Commit Fraud and Unjust Enrichment claims must be plead with particularity pursuant to Rule 9(b).  Seijas is incorrect. *See U.S. v. Lloyds TSB Bank PLC*, 639 F.Supp.2d 326, 336 (S.D.N.Y.2009) ("Rule 8(a) of the Federal Rules of Civil Procedure governs the sufficiency of these conspiracy allegations...."); *Zucker v. Katz*, 708 F. Supp. 525, 530 (S.D.N.Y. 1989)) (Rule 9(b) does not apply to unjust enrichment claims).  With respect to Plaintiffs' Breach of Fiduciary Duty and Conversion claims, Plaintiffs satisfied any objective standard necessitated by Rule 9(b).

and omissions of material fact to perpetrate a fraud on Plaintiffs. *See* Complaint at ¶ 111(which identifies specific material misrepresentations and/or omissions at ¶¶ 2, 4, 5, 6, 7, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 91, 92, 93, 95, 96, 97, 98 and 99); *see also* ¶¶ 112-113. Thus, Seijas cannot credibly claim that Plaintiffs failed to allege materiality. *See ECA & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 197 (2d Cir. 2009) ("The materiality of a misstatement depends on whether there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to act.") (citations and alterations omitted); *see also Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 162 (2d Cir. 2000) ("when presented with a Rule 12(b)(6) motion, a complaint may not properly be dismissed . . . on the ground that the alleged misstatements or omissions are not material unless they are so obviously unimportant to a reasonable investor that reasonable minds could not differ on the question of their importance") (citations omitted). Moreover, Plaintiffs also alleged they reasonably relied upon Seijas's misrepresentations and/or omissions. *See* Complaint at ¶ 116 (identifying ¶¶ 4, 6, 60, 69, 77, 79, 80 and 81 in support of such reliance).

Plaintiffs also adequately plead their fraudulent inducement claim against Seijas. Plaintiffs specifically identified ¶¶ 2, 4, 5, 6, 7, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 91, 92, 93, 95, 96, 97, 98 and 99 as material misrepresentations made by Seijas. *See* Complaint at ¶ 122. Plaintiffs further alleged that they relied upon Seijas's misrepresentations. *See* Complaint at ¶ 126. "Whether a fraud plaintiff's reliance was reasonable depends on 'the entire context of the transaction, including factors such as its complexity and magnitude, the sophistication of the parties, and the content of any agreements between them.'" *Minnie Rose LLC v. Yu*, 169 F. Supp. 3d 504, 519 (S.D.N.Y. 2016) (quoting *Woori Bank v. RBS Sec., Inc.*, 910 F. Supp. 2d 697, 701 (S.D.N.Y. 2012)); *Woori Bank*, 910 F. Supp. 2d at 701 (explaining that the reliance element is "often a question of fact for the jury rather than a question of law for the court" (quoting *STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC*, 648 F.3d 68, 81 (2d Cir. 2011))). As such, Seijas cannot credibly claim that Plaintiffs failed to allege materiality and reliance in connection with Counts II and III of the Complaint.

Conclusion

Based on the foregoing, it is clear that Seijas's forthcoming Motion to Dismiss would be futile. Should Your Honor be inclined to permit Seijas to file a Motion to Dismiss, Plaintiffs are amenable to Seijas's proposed briefing schedule. However, Plaintiffs specifically request that the Court limit Seijas's Motion to Dismiss to only those matters identified in his Pre-Motion Letter (in accordance with Your Honor's *Individual Rules and Procedures for Civil Cases*, Rule III.A.1). Should you have any questions, feel free to contact the undersigned.

Sincerely,

/s/ *Mark David Hunter*

cc: All Counsel of Record (via ECF)