### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

**Case Number: 1:20cv02479**

DOS BOWIES, LP, AUSTIN WALTER, ADAM
BRADEN, BARRY ETTINGER, BENJAMIN PHILLIPS,
TYC INVESTMENTS, LLC, DANNY EAPEN,
ERIC KUNTZ, GEOFFREY ALEXANDER,
HUNTER HUDSON, JOSE LLINAS, JOSEPH THAMES,
JAMES-PAUL DILL, KENNETH WALTER,
PAUL PISKLAK, RAFAL SUBERNAT,
RICHARD CAIN, ROY ABRAHAM,
RUSSELL BABBITT, RYAN KOCHEN, RIPE CAPITAL
PARTNERS LLC, STEVE NURKIN, SYED KALIM
HUSSAINI, HEESUK R. YOON, SUNIL CHERRY,
PARAG JOSHI, HITEN PATEL, NIMISH PATEL,
DAVID WEHBY, PALAM ANNAMALAI,
JASON MORRIS, MAULIK PARIKH, VENKAT IYER,
HANNIE PATEL, SHYAM KISHAN, WILLIAM HEFLIN
BARTON, III, RYAN NEUHAUS and GUPTA
BROKERAGE LLC,

          Plaintiffs,

v.

MICHAEL ACKERMAN, DR. QUAN TRAN,
and JAMES A. SEIJAS,

          Defendants.

_____/

### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS DR. QUAN TRAN AND JAMES A. SEIJAS' MOTION TO <u>DISMISS</u>

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ....................................................................................................................1

STANDARD OF REVIEW ....................................................................................... ................2

ARGUMENT............................................................................................................................3

    I.      PLAINTIFFS HAVE NO IMPERMISSIBLY
           EMPLOYED GROUP PLEADING ........................................................................3

    II.     PLAINTIFFS HAVE ADEQUATELY PLEAD
           THEIR FRAUD CLAIMS............................................................................................4

           A.  Plaintiffs Have Adequately Pled Violations of Section 10(b) of the
                Exchange Act and Rule 10b-5(a), (b) and (c) .........................................................4

                1.   Plaintiffs Have Adequately Alleged Reliance ..........................................5

                2.   Plaintiffs Have Alleged Defendants Misstatements
                     and Scienter with Particularity........................................................................6

           B.  Plaintiffs Have Adequately Pled Fraudulent Inducement .................................7

    III.    PLAINTIFFS HAVE ADEQUATELY PLED BREACH OF
           FIDUCIARY DUTY....................................................................................................9

    IV.    PLAINTIFFS HAVE ADEQUATELY PLED
           CIVIL CONSPIRACY ............................................................................................10

    V.     PLAINTIFFS HAVE ADEQUATELY PLED A CLAIM FOR
           NEGLIGENCE ........................................................................................................11

    VI.    PLAINTIFFS HAVE ADEQUATELY PLED A CLAIM FOR
           CONVERSION........................................................................................................12

    VII.   PLAINTIFFS HAVE ADEQUATELY PLED UNJUST ENRICHMENT ...................14

CONCLUSION........................................................................................................................15

# TABLE OF AUTHORITIES

**Cases**                                                                                                                      **Page**

*Amusement Indus., Inc. v. Stern*,
    693 F. Supp. 2d 327 (S.D.N.Y. 2010.................................................................................6

*Anwar v. Fairfield Greenwich Ltd.*,
    728 F. Supp. 2d 372 (S.D.N.Y. 2010) ............................................................................9

*Aetna Cas. And Sur. Co. v. Aniero Concrete Co., Inc.*,
    404 F.3d 566, 579-80 (2d Cir. 2005)..........................................................................3, 4

*Atuahene v. City of Hartford*,
    10 F. App'x 33 (2d Cir. 2004) ....................................................................................3, 4

*Ashcroft v. Iqbal*,
    556 U.S.  662, 697 (2009) ..........................................................................................2, 3

*Baker-Rhett v. Aspiro AB*,
    324 F. Supp. 3d 407, 421 (S.D.N.Y. 2018)....................................................................7

*Bankers Trust Co. v. Cerrato, Sweeney, Cohn, Stahl & Vaccaro*,
    187 A.D.2d 384, 590 N.Y.S.2d 201, 202 (App.Div. 1st Dep't 1992) .............................13

*Barron Partners, LP v. LAB123, Inc.*,
    593 F. Supp. 2d 667, 672 (S.D.N.Y. 2009)....................................................................8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 570 (2007) .............................................................................................2

*Blusal Meats, Inc. v. United States*,
    638 F.Supp. 824, 831 (S.D.N.Y.1986).........................................................................14

*Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*,
    511 U.S. 164, 180, 114 S. Ct. 1439, 1450, 128 L. Ed. 2d 119 (1994) .................................9

*Chase Manhattan Bank v. Motorola, Inc.*,
    184 F.Supp.2d 384, 394 (S.D.N.Y.2002) ......................................................................8

*Chiarella v. United States*,
    445 U.S. 222, 228, 100 S.Ct. 1108, 63 L.Ed.2d 348 (1980)...................................... 8, 9, 10

*Citadel Mgmt., Inc. v. Telesis Trust, Inc.*,
    123 F. Supp. 2d 133 (S.D.N.Y. 2000) .........................................................................13

## TABLE OF AUTHORITIES
### CONTINUED

**Cases**                                                             **Page**

*Colavito v. New York Organ Donor Network, Inc.*,
  8 N.Y.3d 43, 50, 860 N.E.2d 713, 717 (2006) ................................... 12

*Comolli v. Huntington Learning Centers, Inc.*,
  117 F.Supp.3d 343, 349 (S.D.N.Y. 2015) ....................................... 7

*Crigger v. Fahnestock & Co.*,
  443 F.3d 230, 234 (2d Cir. 2006) ............................................. 7

*Dolmetta v. Uintah National Corp.*,
  712 F.2d 15, 20 (2d Cir.1983) .............................................. 14

*Dodona I, LLC v. Goldman Sachs & Co.*,
  847 F. Supp. 2d 624 (S.D.N.Y. 2012) ........................................ 14

*Donini Int'l, S.p.A. v. Satec (U.S.A) LLC*,
  No. 03-cv-9471, 2004 WL 1574645 (S.D.N.Y. July 13, 2004) ....................10

*Gosmile, Inc. v. Levine*,
  81 A.D.3d 77, 81, 915 N.Y.S.2d 521, 524 (2010) ............................... 7

*Eaves v. Designs for Fin., Inc.*,
  785 F. Supp. 2d 229 (S.D.N.Y. 2011) ....................................... 6, 7

*Erica P. John Fund, Inc. v. Halliburton Co.*,
  563 U.S. 804, 810 (2011) .................................................... 5

*Halliburton Co. v. Erica P. John Fund, Inc.*,
  573 U.S. 258, 134 S. Ct. 2398, 2407, 189 L.Ed.2d 339 (2014) .................. 5

*Hecht v. Commerce Clearing House, Inc.*,
  897 F.2d 21, 26 n.4 (2d Cir. 1990) ......................................... 11

*High Tides, LLC v. DeMichele*,
  88 A.D.3d 954, 931 N.Y.S.2d 377, 382–83 (2011)............................. 11

*In re JP Morgan Auction Rate Sec. (ARS) Mktg. Litig.*,
  867 F. Supp. 2d 407, 425 (S.D.N.Y. 2012) ................................. 8, 9

*In re Scholastic Corp. Sec. Litig.*,
  252 F.3d 63, 72 (2d Cir. 2001) ..............................................3

# TABLE OF AUTHORITIES
## CONTINUED

**Cases**                                                                      **Page**

*In re Time Warner, Inc. Sec. Litig.*,
   9 F.3d 259, 268 (2d Cir.1993) ........................................................................ 9

*Jay Dees Inc. v. Defense Tech. Sys., Inc.*,
   No. 05 Civ. 6954, 2008 WL 4501652, at *5 (S.D.N.Y. Sept. 30, 2008) ........................................ 6

*John Blair Commc'ns, Inc. v. Reliance Capital Grp., L.P.*,
   157 A.D.2d 490, 549 N.Y.S.2d 678 (1st Dep't 1990) ........................................ 6

*Kaufman v. Cohen*,
   307 A.D.2d 113, 119–120, 760 N.Y.S.2d 157 (N.Y.App.Div., 1st Dept. 2003) ............................ 8

*Kocourek v. Shrader*,
   391 F. Supp. 3d 308, 320 (S.D.N.Y. 2019) ........................................................................ 4

*Kotler v. Deutsche Bank AG*,
   607 F.Supp.2d 447, 463 (S.D.N.Y. 2009) ........................................................................ 11

*Lloyds TSB Bank PLC*,
639 F.Supp.2d 326, 336 (S.D.N.Y. 2009) ........................................................................ 10, 11

*Mandarin Trading Ltd. v. Wildenstein*,
   16 N.Y.3d 173, 180, 919 N.Y.S.2d 465, 470, 944 N.E.2d 1104, 1109 (2011) ............................ 11

*Manufacturers Hanover Trust Co. v. Chemical Bank*,
   160 A.D.2d 113, 559 N.Y.S.2d 704, 712 (App.Div. 1st Dep't 1990) ........................................ 13

*McGrath v. Hilding*,
   41 N.Y.2d 625, 629, 394 N.Y.S.2d 603, 606, 363 N.E.2d 328, 330 (1977) ................................ 14

*Meese v. Miller*,
   79 A.D.2d 237, 436 N.Y.S.2d 496, 500 (App.Div. 4th Dep't 1981) ........................................ 13

*Newbro v. Freed*,
   409 F.Supp.2d 386, 395 (S.D.N.Y.2006) ........................................................................ 13

*New York v. Seventh Regiment Fund, Inc.*,
   98 N.Y.2d 249, 259, 746 N.Y.S.2d 637, 774 N.E.2d 702 (2002) ........................................ 12

*Reprosystem, B.V. v. SCM Corp.*,
   727 F.2d 257, 263 (2d Cir. 1984) ........................................................................ 14

## TABLE OF AUTHORITIES
### CONTINUED

**Cases**                                                                                      **Page**

*Rombach v. Chang*,
 355 F.3d 164 (2d Cir. 2004) ........................................................................... 10

*Ross v. A.H. Robins Co.*,
 607 F.2d 545, 557 n. 20 (2d Cir.1979) ................................................................ 3

*Rusyniak v. Gensini*,
 629 F. Supp. 2d 203, 219 (N.D.N.Y. 2009) ......................................................... 8

*S.E.C. v. Zandford*,
 535 U.S. 813, 823, 122 S. Ct. 1899, 1905, 153 L. Ed. 2d 1 (2002) ..................... 9

*Sokolow, Dunaud, Mercadier & Carreras, LLP v. Lacher*,
 299 A.D.2d 64, 70, 747 N.Y.S.2d 441 (2002) ...................................................... 7

*Soley v. Wasserman*,
 823 F. Supp. 2d 221, 232 (S.D.N.Y. 2011) .......................................................... 9

*Tellabs, Inc. v. Makar Issues & Rights, Ltd.*,
 551 U.S. 308, 321 (2007) ..................................................................................... 3

*Thyroff v. Nationwide Mut. Ins. Co.*,
 460 F.3d 400, 403–04 (2d Cir. 2006) ................................................................. 12

*Shields v. Citytrust Bancorp, Inc.*,
 25 F.3d 1124, 1128 (2d Cir. 1994) ....................................................................... 3

*Sporn v. MCA Records, Inc.*,
 58 N.Y.2d 482 at 487, 462 N.Y.S.2d 413, 448 N.E.2d 1324 (1983) ................. 12

*United States ex rel. Ladas v. Exelis, Inc.*,
 824 F.3d 16, 25 (2d Cir. 2016) ............................................................................. 3

*U.S. v. Lloyds TSB Bank PLC*,
 639 F.Supp.2d 326, 336 (S.D.N.Y.2009) ...................................................... 10, 11

*Universal City Studios, Inc. v. Nintendo Co.*,
 797 F.2d 70, 79 (2d Cir. 1986) ........................................................................... 14

*Vigilant Ins. Co. of Am. v. Hous. Auth.*,
 87 N.Y.2d 36, 44, 637 N.Y.S.2d 342, 660 N.E.2d 1121 (1995) ........................ 12

## TABLE OF AUTHORITIES
### CONTINUED

**Statutes & Rules**                                                                                      **Page**

15 U.S.C. § 78j(b) ............................................................................................................................ 4

Restatement [Second] of Torts §§ 8A, 223, 243 ................................................................................12

Plaintiffs Dos Bowies, LP ("**Dos Bowies**"), Austin Walter ("**Mr. A. Walter**"), Adam Braden ("**Dr. Braden**"), Barry Ettinger ("**Dr. Ettinger**"), Benjamin Phillips ("**Dr. Phillips**"), TYC Investments, LLC ("**TYC**"), Danny Eapen ("**Dr. Eapen**"), Eric Kuntz ("**Mr. Kuntz**"), Geoffrey Alexander ("**Dr. Alexander**"), Hunter Hudson ("**Mr. Hudson**"), Jose Llinas ("**Dr. Llinas**"), Joseph Thames ("**Mr. Thames**"), James-Paul Dill ("**Mr. Dill**"), Kenneth Walter ("**Mr. K. Walter**"), Paul Pisklak ("**Dr. Pisklak**"), Rafal Subernat ("**Dr. Subernat**"), Richard Cain ("**Dr. Cain**"), Roy Abraham ("**Mr. Abraham**"), Russell Babbitt ("**Dr. Babbitt**"), Ryan Kochen ("**Mr. Kochen**"), Ripe Capital Partners LLC ("**Ripe Capital**"), Steve Nurkin ("**Dr. Nurkin**"), Syed Kalim Hussaini ("**Dr. Hussaini**"), Heesuk R. Yoon ("**Dr. Yoon**"), Sunil Cherry ("**Dr. Cherry**"), Parag Joshi ("**Dr. Joshi**"), Hiten Patel ("**Dr. H. Patel**"), Nimish Patel ("**Dr. N. Patel**"), David Wehby ("**Dr. Wehby**"), Palam Annamalai ("**Dr. Annamalai**"), Jason Morris ("**Dr. Morris**"), Maulik Parikh ("**Dr. Parikh**"), Venkat Iyer ("**Dr. Iyer**"), Hannie Patel ("**Dr. Patel**"), Shyam Kishan ("**Dr. Kishan**"), William Heflin Barton, III ("**Dr. Barton**"), Ryan Neuhaus ("**Dr. Neuhaus**") and Gupta Brokerage LLC ("**Gupta Brokerage**") (collectively, "**Plaintiffs**"), by and through their undersigned counsel and pursuant to Local Rule 7.1, hereby submit this memorandum in opposition to Dr. Quan Tran ("**Tran**") and James A. Seijas' ("**Seijas**") (collectively, "**Defendants**") Motion to Dismiss ("**Joint Motion to Dismiss**") (Docket Entry ("**D.E.**") 38) Plaintiffs' Corrected Complaint ("**Complaint**") (D.E 13-1).  In furtherance of the same, Plaintiffs respectfully state as follows:

## INTRODUCTION

From at least July 2017 through December 2019 (the "**Relevant Time Period**"), Defendant Seijas and Defendant Tran, through two  entities  they  controlled,  Q3 Holdings, LLC ("**Q3H**") and Q3 I, LP ("**Q3I**") (collectively, the "**Q3 Companies**"), operated a fraudulent scheme in which they solicited and misappropriated funds to purportedly trade virtual currencies.  Based on Defendants' misrepresentations, as set forth in Plaintiffs' Complaint, Plaintiffs deposited their investment funds with

the Q3 Companies.  *See* Complaint at ¶1.  Although Defendants represented to Plaintiffs that they would use the funds to invest in cryptocurrencies, Defendants did not use Plaintiffs' funds to invest in cryptocurrencies.  *See id.* at ¶2.  Rather, Defendants and the Q3 Companies diverted Plaintiffs' funds to Defendants' personal bank accounts.  *See id.* at Complaint at ¶¶2, 85, 95.

To induce Plaintiffs into making their investments, Defendant Seijas and Defendant Tran knowingly or recklessly made several material misrepresentations and omissions regarding the Q3 Companies' assets, the safety of the investments, and how the Q3 Companies would utilize Plaintiffs' funds.  Defendant Seijas and Defendant Tran both told Plaintiffs, that they developed a proprietary trading algorithm (the "**Algorithm**") that allowed Defendants to (a) take advantage of the volatility of cryptocurrencies when trading investor funds and (b) earn profits with minimal risks.  *See id.* at ¶¶4, 69, 79.  In order to conceal the truth from Plaintiffs, Defendants provided Plaintiffs with false accounting statements, newsletters containing false trading returns, and fictitious screenshots reflecting the amount of money under the Q3 Companies' management.  *See id.* at ¶¶7, 74, 75.

Defendants have moved to dismiss Plaintiffs' action asserting violations of the federal securities laws and common-law claims based on Defendants' deliberate scheme to personally enrich themselves by stealing millions of dollars from investors.  However, for the reasons set forth below, Defendants' Joint Motion to Dismiss should be denied in its entirety.

## STANDARD OF REVIEW

It is well established that a motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as a plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678.  This plausibility standard "is <u>not</u> akin to a 'probability requirement,' but it asks for more than a sheer possibility that the defendant has acted unlawfully."  *Id.* (emphasis added).

With regard to those allegations sounding in fraud, it is also well established that under Rule 9(b), "a complaint alleging fraud must '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 25 (2d Cir. 2016), quoting *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Additionally, under the Private Securities Litigation Reform Act ("**PSLRA**"), a plaintiff must "(1) specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading; and (2) state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Tellabs, Inc. v. Makar Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007) (internal citation and quotation marks omitted).  However, the Second Circuit has held that pleading of "detailed evidentiary matter" is not required to state a claim for relief even under these heightened pleading standards.  *In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 72 (2d Cir. 2001) ("Even with the heightened pleading standard under Rule 9(b) and the Securities Reform Act we do not require the pleading of detailed evidentiary matter in securities litigation.") (citing *Ross v. A.H. Robins Co.,* 607 F.2d 545, 557 n.20 (2d Cir.1979)).

## <u>ARGUMENT</u>

## I.    <u>PLAINTIFFS HAVE NOT IMPERMISSIBLY EMPLOYED GROUP PLEADING</u>

As the Complaint in this matter shows, Plaintiffs have not impermissibly lumped Defendants together, but rather have sufficiently pled facts to comply with Federal Rules of Civil Procedure 8(a) and 9(b). *See generally* Complaint.  Defendants cited *Aetna Cas. And Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 579-80 (2d Cir. 2005) and *Atuahene v. City of Hartford*, 10 F. App'x 33

(2d Cir. 2004) for the proposition that Plaintiffs "impermissibly lump[ed] all three Defendants together, without adequately differentiating between and among them." D.E. 38-1 at 16. However, a complete reading of both cases reveals that Defendants' arguments are without merit. Unlike the facts set forth in Plaintiffs' Complaint, the *Aetna* plaintiff made sweeping allegations without providing any supporting facts. For example, the plaintiff alleged that the "[p]roject [d]ocuments 'materially misrepresented' the status of the work" performed, "the amount of work remaining to be completed, and the extent of remediation" completed. *Id.* at 580. Unfortunately, the *Aetna* plaintiff stopped there and failed to provide any factual support for its allegations. The plaintiff neither identified who prepared the allegedly fraudulent project documents nor identified the specific areas of the project that evidenced the alleged misrepresentations. *See generally id.* Similarly, the plaintiff in *Atuahene* carelessly lumped multiple defendants together without distinguishing their conduct or "identify[ing] any factual basis for the plaintiff's legal claims." *Atuahene*, 10 F. App'x 33, 34. In this matter, Plaintiffs' Complaint provides Defendants with "fair notice" by specifically identifying Defendant Tran and Defendant Seijas' misleading statements. *See* Complaint at ¶¶ 77, 78, 79, 80, 81, 98, and 99. As such, Plaintiffs' fraud claims have been adequately pled and should not be dismissed.

## II.   PLAINTIFFS HAVE ADEQUATELY PLED THEIR FRAUD CLAIMS

### A.   Plaintiffs Have Adequately Pled Violations of Section 10(b) of the Exchange Act and Rule 10b-5(a), (b) and (c)

Section 10(b) of the Securities Exchange Act of 1934 (the "**Exchange Act**") makes it unlawful to "use or employ, in connection with the purchase or sale of any security … any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe." *Kocourek v. Shrader*, 391 F. Supp. 3d 308, 320 (S.D.N.Y. 2019) (quoting 15 U.S.C. § 78j(b)). To state a claim under Section 10(b) and Rule 10b-5, a plaintiff must allege: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between

the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon

the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Id.* (quoting

*Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 134 S. Ct. 2398, 2407, 189 L.Ed.2d 339

(2014) (internal quotations and citations omitted).  Defendants have argued in their Joint Motion to

Dismiss that Plaintiffs have failed to adequately: (1) allege reliance on a material misrepresentation or

omission by Defendants; and (2) plead a material misrepresentation or omission by Defendants with

the required particularity and specificity required under both Rule 9(b) and the PSLRA.  *See* D.E. 38-

1 at 9-11.

### 1.  Plaintiffs Have Adequately Alleged Reliance

Plaintiffs' Complaint adequately alleged Plaintiffs' reliance on Defendants'

misrepresentations and omissions sufficient to survive Defendants' Joint Motion to Dismiss.  *See*

*generally* Complaint.  Defendants cited *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 810

(2011), for the notion that the  "***traditional*** way a plaintiff can demonstrate reliance is by showing

that he was aware of a company's statement and engaged in a relevant transaction—e.g., purchasing

common stock—based on that specific misrepresentation."  *Id.* at 10 (quoting *Eric P. John Fund, Inc.*,

563 U.S. at 810) (emphasis added).  However, Defendants conveniently failed to disclose in their

Joint Motion to Dismiss that the Supreme Court explained in *Eric P. John Fund, Inc.* that the

"traditional" way is not the <u>only</u> manner in which to prove reliance, and that reliance may adequately

be based on a rebuttable presumption created by the fiduciary relationship between Defendants and

Plaintiffs in this matter.  *See id.* (We recognized . . . however, that limiting proof of reliance in such a

way "would place an unnecessarily unrealistic evidentiary burden on the Rule 10b–5 plaintiff who

has traded on an impersonal market.") (internal citations omitted).  Unlike the facts in the *Eric P.*

*John Fund, Inc.* case, Plaintiffs in this matter have alleged an established fiduciary relationship between

them and Defendants based upon Plaintiffs' investment in the limited partnership Q3I.[1]  *See*

Complaint at ¶¶10-12, 51, and 52.

In addition, Defendants focused on the late 2019 dinner with Defendant Seijas and

Defendant Tran's PD Group[2] posts in support of their argument that Plaintiffs failed to allege

reliance.  *See* D.E. 38-1 at 12.  Defendants have also argued that any Plaintiffs who invested through

November 2019 failed to allege that they heard any of the statements made by Defendant Seijas.  *Id.*

However, Defendants ignored Plaintiffs' detailed allegations that Plaintiff Dos Bowies transmitted

Defendant Seijas' statements to Plaintiffs—as Defendant Seijas knew and intended it would—which

Plaintiffs relied on to continue their investments in 2019.  *See* Complaint at ¶¶79-81, 116; *see also*

*Amusement Indus., Inc. v. Stern*, 693 F.Supp.2d 327, 348 (S.D.N.Y. 2010) (upholding a fraud claim

based on indirect reliance where defendant "intended that the [third-party] communicate the

statements to [plaintiff]. . . to induce [plaintiff] to invest"); *Jay Dees Inc. v. Defense Tech. Sys., Inc.*, No.

05 Civ. 6954, 2008 WL 4501652, at *5 (S.D.N.Y. Sept. 30, 2008) ("Reliance need not result from

direct communication from defendant to plaintiff.  There is no reason why a misrepresentation to

the plaintiff's agent does not suffice."); *see also John Blair Commc'ns, Inc. v. Reliance Capital Grp., L.P.*,

157 A.D.2d 490, 492, 549 N.Y.S.2d 678, 680 (1st Dep't 1990) ("[A] party who commits intentional

fraud is liable to any person who is intended to rely upon the misrepresentation or omission and

who does in fact so rely to his detriment.").  In addition, Plaintiffs clearly set forth allegations of

reliance throughout their Complaint and Defendants' arguments should fail.  *See* Complaint at

¶¶106, 116.

---

[1] Plaintiffs fully address the fiduciary relationship between Defendants and Plaintiffs below, including the resulting
securities violations based on a duty to disclose.  *See* intra III.
[2] PD Group is defined in the Complaint as a private Facebook group called the "Physicians Dad Group."  *See* Complaint
at ¶59.

2.    **Plaintiffs Have Alleged Defendants' Misstatements and Scienter With Particularity**

Defendants have argued that Plaintiffs' Rule 10b-5 claims should fail because the statements attributed to each Defendant lack the requisite particularity required under both Rule 9(b) and the PSLRA.  *See* D.E. 38-1 at 11.  Defendants cited *Eaves v. Designs for Fin., Inc.*, 785 F. Supp. 2d 229 (S.D.N.Y. 2011), for the proposition that Plaintiffs have failed to identify specifically to whom Defendant Seijas' misrepresentations were made, when the misrepresentations were made, where the misrepresentations were made, or "what form the representations took."  *See Eaves*, 785 F. Supp. 2d at 248.  However, unlike the plaintiffs in *Eaves*, who failed to identify the defendant responsible for making the misleading statement or how the alleged misrepresentation was made, to whom, when, where and how, Plaintiffs in this matter detail the "who, when, where and how" relating to Defendants statements.  *See id.*  An entire conversation between Defendant Seijas and Andrew Walter (of Plaintiff Dos Bowies), in which Defendant Seijas made various misrepresentations regarding the cryptocurrency investment, was transcribed into the Complaint.  *See* Complaint at ¶¶79-81.  Defendant Tran's misrepresentations through a series of Facebook group posts is similarly detailed.  *See id.* at ¶¶59, 73-78.  Plaintiffs also sufficiently allege the "where" and "when" Defendants made their statements.  Defendant Seijas' statements were disseminated to Plaintiffs through a conversation with Plaintiff Dos Bowies at a dinner in Tampa in late 2019, and Defendant Tran posted misrepresentations several times during the Relevant Time Period to the Facebook groups.  *See id.*  Plaintiffs also alleged in their Complaint that both Defendant Seijas and Defendant Tran knew their statements regarding the safety of Plaintiffs' funds and how Plaintiffs' investment funds would be used were false based on Defendants' status as signatories to the Signature bank account which held Plaintiffs' investment funds.  *See id.* at ¶¶77, 94, 96, and 98.  Plaintiffs' allegations, as set forth in the Complaint, regarding Defendants' statements are enough to satisfy Rule 9(b), and Plaintiffs' Rule 10b-5 claims should not be dismissed.

### B.       Plaintiffs Have Adequately Pled Fraudulent Inducement

To state a claim for fraudulent inducement under New York law, "there must be a knowing misrepresentation of material present fact, which is intended to deceive another party and induce that party [into] act[ing] on [the misrepresentation], resulting in injury." *Gosmile, Inc. v. Levine*, 81 A.D.3d 77, 81, 915 N.Y.S.2d 521, 524 (2010); *see also Sokolow, Dunaud, Mercadier & Carreras, LLP v. Lacher,* 299 A.D.2d 64, 70, 747 N.Y.S.2d 441 (2002).  Under New York law, "a claim of fraudulent inducement can also be based on a material omission as well as a material misstatement." *Baker-Rhett v. Aspiro AB*, 324 F. Supp.3d 407, 421 (S.D.N.Y. 2018); *see, e.g., Comolli v. Huntington Learning Centers, Inc.*, 117 F.Supp.3d 343, 349 (S.D.N.Y. 2015) (describing the first element of fraudulent inducement claim as "a material misrepresentation or omission of fact") (citing *Crigger v. Fahnestock & Co.,* 443 F.3d 230, 234 (2d Cir. 2006)).  An omission of fact is material if "a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question," or "the maker of the representation knows or has reason to know that its recipient regards or is likely to regard the matter as important in determining his choice of action, although a reasonable man would not so regard it." *Barron Partners, LP v. LAB123, Inc.*, 593 F. Supp. 2d 667, 672 (S.D.N.Y. 2009) (quoting *Chase Manhattan Bank v. Motorola, Inc.,* 184 F.Supp.2d 384, 394 (S.D.N.Y.2002)) (citation omitted).  In this case, Defendants not only made misrepresentations to Plaintiffs in connection with the cryptocurrency investment, but they also made several omissions.  *See generally* Complaint.  For example, Defendants failed to accurately disclose the licensing fees Defendants were collecting from Plaintiffs.  *See id.* at ¶91.  Defendant Seijas and Defendant Tran also failed to disclose Defendants' agreement to keep any profits over 15% or the fact that Plaintiffs' investment funds would be used for Defendants' personal use.  *See id.* at ¶92.  Plaintiffs' allegations regarding Defendants' misstatements alone are enough to satisfy Rule 9(b).  *See* supra II A.  Similarly, Plaintiffs' allegations as to Defendants' omissions alone are also enough to satisfy Rule 9(b).  A review of the alleged misrepresentations and omissions set forth in the

Complaint together demonstrate that Plaintiffs have sufficiently stated a claim for fraudulent inducement under Rule 9(b), and that claim should not be dismissed.

## III.   PLAINTIFFS HAVE ADEQUATELY PLED BREACH OF FIDUCIARY DUTY

Under New York Law, a duty to disclose will arise "when one party has information that the other [party] is entitled to know because of a fiduciary or other similar relation of trust and confidence between them." *Chiarella v. United States*, 445 U.S. 222, 228, 100 S.Ct. 1108, 63 L.Ed.2d 348 (1980) (internal citation omitted); *see also Rusyniak v. Gensini*, 629 F. Supp. 2d 203, 219 (N.D.N.Y. 2009) (quoting *Kaufman v. Cohen*, 307 A.D.2d 113, 119–120, 760 N.Y.S.2d 157 (N.Y.App.Div., 1st Dept. 2003) ("[W]here a fiduciary relationship exists, the mere failure to disclose facts which one is required to disclose . . . constitute[s] actual fraud.").[3] Another "circumstance creating a duty to disclose arises when disclosure is necessary to make prior statements <u>not</u> misleading." *In re JP Morgan Auction Rate Sec. (ARS) Mktg. Litig.*, 867 F. Supp. 2d 407, 425 (S.D.N.Y. 2012) (quoting *In re Time Warner, Inc. Sec. Litig.,* 9 F.3d 259, 268 (2d Cir.1993) (emphasis added)).   As managing members of the general partner of Q3I, Defendants owed Plaintiffs (or limited partners) a fiduciary duty.   *See* Complaint at ¶¶10-12.   "It is undisputed under New York law that general partners owe a fiduciary duty to the limited partners of the partnership." *Soley v. Wasserman*, 823 F. Supp. 2d 221, 232 (S.D.N.Y. 2011)   (quoting *Anwar v. Fairfield Greenwich Ltd.,* 728 F.Supp.2d 372, 439 (S.D.N.Y.2010)).

As stated herein, Defendants failed to disclose the true nature of the licensing fees Defendants were collecting from Plaintiffs, including the cost associated with the licensing fees, the methodology that Defendants would use to calculate the licensing fees or when the licensing fees

---

[3] Contrary to Defendants' arguments that Plaintiffs' breach of fiduciary duty "sounds in fraud," Plaintiffs' claim is based on Defendants' duty to disclose rather than its misstatements.  *See Schwartzco Enterprises LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 352 (E.D.N.Y. 2014) (citing *Rahl v. Bande,* 328 B.R. 387, 413 (S.D.N.Y.2005) (Rule 9(b) did not apply to the claim that the "defendants breached their fiduciary duties by deepening [the debtor's] insolvency to enhance their personal wealth").

would be assessed. *See* Complaint at ¶91. Defendant Seijas and Defendant Tran also failed to disclose to Plaintiffs their agreement to pocket any profits over 15%, or the fact that Defendants would use Plaintiffs' investment funds for Defendants' personal use. *See id.* at ¶92. In addition, neither Defendant acted to correct any prior misrepresentations. *See generally id.* Defendant Seijas, as late as 2019, continued to omit the true nature of the licensing fees and Defendants' agreement to appropriate any profits over 15%. *See id.* at ¶¶79-81. Defendant Tran also never corrected the aforementioned omissions to Plaintiffs. *See id.* at ¶¶84-87. Not only have Plaintiffs sufficiently pled a claim for breach of fiduciary based on the foregoing, but Plaintiffs have also sufficiently alleged their §10(b) claims based on these same omissions and Defendants' status as fiduciaries. *See S.E.C. v. Zandford*, 535 U.S. 813, 823, 122 S. Ct. 1899, 1905, 153 L. Ed. 2d 1 (2002) (citing *Chiarella*, 445 U.S. at 230 ("noting that 'silence in connection with the purchase or sale of securities may operate as a fraud actionable under § 10(b)' when there is a 'duty to disclose arising from a relationship of trust and confidence between parties to a transaction."')); *see also Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 180, 114 S. Ct. 1439, 1450, 128 L. Ed. 2d 119 (1994) (citing *Chiarella*, 445 U.S. at 228 ("omission actionable [under § 10(b)] . . . where duty to disclose arises from specific relationship between two parties."). As such, Plaintiffs' breach of fiduciary duty claim should not be dismissed.

## IV.   PLAINTIFFS HAVE ADEQUATELY PLED CIVIL CONSPIRACY

Defendants argued in their Joint Motion to Dismiss that "Plaintiffs' claim for civil conspiracy to commit fraud must be dismissed since Plaintiffs cannot make out a prima facie claim for fraud – the underlying tort." *See* D.E. 38-1 at 14. Defendants have also argued that Plaintiffs' claim for civil conspiracy should fail because Plaintiffs failed to plead the claim with particularity pursuant to Rule 9(b). *See id.* However, Defendants are incorrect with regard to both grounds. *See* supra §II A-B; *see also U.S. v. Lloyds TSB Bank PLC*, 639 F.Supp.2d 326, 336 (S.D.N.Y.2009) ("Rule 8(a) of the Federal Rules of Civil Procedure governs the sufficiency of the conspiracy allegations. .

."").  As set forth above, Plaintiffs have satisfied any objective standard necessitated by Rule 9(b) with regard to their fraud claims and have adequately linked the Defendants to the underlying fraud. Although Defendants cited *Donini Int'l, S.p.A. v. Satec (U.S.A) LLC*, No. 03-cv-9471, 2004 WL 1574645 (S.D.N.Y. July 13, 2004), for the proposition that Plaintiffs have failed to connect Defendants to the underlying fraud, unlike the plaintiffs in *Donini Int'l, S.p.A.*, whose allegations were based upon mere speculation, Plaintiffs have sufficiently alleged facts that show how Defendants' misstatements and omissions furthered the Ponzi scheme set forth in Plaintiffs' Complaint.

With regard to the pleading standard required to set forth a claim for conspiracy, Defendants' argument was similarly erroneous.  Defendants cited *Rombach v. Chang*, 355 F.3d 164 (2d Cir. 2004), in support of the foregoing position, but Defendants' reliance was misplaced.  In *Lloyds TSB Bank PLC*, a case where plaintiffs alleged that the bank defendant and others had conspired to commit securities fraud, this Court held that Rule 8(a) governed the sufficiency of the conspiracy allegations rather than the heightened pleading requirements of Rule 9(b).  *See Lloyds TSB Bank PLC*, 639 F.Supp.2d at 336 (citing *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 26 n.4 (2d Cir. 1990); *see also Kotler v. Deutsche Bank AG*, 607 F.Supp.2d 447, 463 (S.D.N.Y. 2009) (an action by taxpayers against bank and an investment advisory firm alleging, *inter alia*, conspiracy to defraud in the formation and promotion of illegal tax shelters) ("The Court does not hold the Plaintiffs to the stricter Rule 9(b) standards on the conspiracy claim, but rather the normal Rule 8(a) standards.") (citing *Hecht*, 897 F.2d at 26 n.4).  As stated above, Plaintiffs have sufficiently alleged an underlying fraud and, therefore, have sufficiently alleged a claim for civil conspiracy under Rule 8(a).

## V.   **PLAINTIFFS HAVE ADEQUATELY PLED A CLAIM FOR NEGLIGENCE**

Plaintiffs have adequately pled a claim for negligence based on Defendants' material omissions.  Under New York law, in order to state a negligence claim premised on negligent misrepresentation(s) or omission(s), a plaintiff must allege: "(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect [or withheld]; and (3) reasonable reliance on the

information [or omission]." *High Tides, LLC v. DeMichele,* 88 A.D.3d 954, 931 N.Y.S.2d 377, 382–83 (2011) (alteration in original) (quoting *Mandarin Trading Ltd. v. Wildenstein,* 16 N.Y.3d 173, 180, 919 N.Y.S.2d 465, 470, 944 N.E.2d 1104, 1109 (2011)).  As stated above, Defendants owed a fiduciary duty to Plaintiffs, which included a duty to provide Plaintiffs with correct information regarding the cryptocurrency investments and to perform reasonable investigations into the value of the trading accounts.  Plaintiffs have sufficiently alleged in their Complaint that neither Defendant Seijas nor Defendant Tran disclosed the manner in which Defendants were collecting licensing fees from Plaintiffs.  *See* Complaint at ¶91.  Defendant Seijas and Defendant Tran also failed to disclose to Plaintiffs their agreement to pocket any profits over 15% or the fact that Plaintiffs investment funds would be misappropriated for Defendants' personal use.  *See id.* at ¶92.  Finally, neither Defendant Seijas nor Defendant Tran disclosed the actual value of the trading accounts holding Plaintiffs' investment funds.  *See id.* at ¶98.  Plaintiffs reasonably relied on Defendant Seijas and Defendant Tran's representations when making their investment decisions in connection with the Q3 cryptocurrency investment.  *See* Complaint at ¶¶106 and 116.  Plaintiffs sufficiently alleged a "special relationship" between Defendants and Plaintiffs giving rise to Defendants' duty to correct the material omissions set forth in the Complaint.  As such, Plaintiffs' negligence claim should not be dismissed.

## VI.   **PLAINTIFFS HAVE ADEQUATELY PLED A CLAIM FOR CONVERSION**

According to New York law, "[c]onversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights." *Thyroff v. Nationwide Mut. Ins. Co.,* 460 F.3d 400, 403–04 (2d Cir.2006) (quoting *Vigilant Ins. Co. of Am. v. Hous. Auth.,* 87 N.Y.2d 36, 44, 637 N.Y.S.2d 342, 660 N.E.2d 1121 (1995)) (internal quotation marks omitted).  This includes a "denial or violation of the plaintiff's dominion, rights, or possession" over her property.  *Id.* (quoting *Sporn v. MCA Records, Inc.*, 58 N.Y.2d 482 at 487, 462

N.Y.S.2d 413, 448 N.E.2d 1324 (1983).  It also requires that the defendant exclude the owner from exercising her rights over the goods.  *New York v. Seventh Regiment Fund, Inc.,* 98 N.Y.2d 249, 259, 746 N.Y.S.2d 637, 774 N.E.2d 702 (2002).

Two key elements of conversion are (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights.  *Colavito v. New York Organ Donor Network, Inc.,* 8 N.Y.3d 43, 50, 860 N.E.2d 713, 717 (2006); *see also* Restatement [Second] of Torts §§ 8A, 223, 243; Prosser and Keeton, Torts § 15, at 92, 102 [5th ed.].  Under New York law, "[i]t is well settled that an action will lie for the conversion of money where there is a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question."  *Manufacturers Hanover Trust Co. v. Chemical Bank*, 160 A.D.2d 113, 559 N.Y.S.2d 704, 712 (App.Div. 1st Dep't 1990). The plaintiff must demonstrate that he has "legal title or an immediate superior right of possession to the identifiable fund."  *Bankers Trust Co. v. Cerrato, Sweeney, Cohn, Stahl & Vaccaro*, 187 A.D.2d 384, 590 N.Y.S.2d 201, 202 (App.Div. 1st Dep't 1992). "Interference with a right of possession is the essence of a conversion."  *Meese v. Miller*, 79 A.D.2d 237, 436 N.Y.S.2d 496, 500 (App.Div. 4th Dep't 1981).  As detailed in Plaintiffs' Complaint, Defendants exercised control over Plaintiffs' money, and prevented Plaintiffs' access to such money.  Plaintiffs' funds were easily identifiable, and Plaintiffs maintained a right of possession to such funds.  As such, Plaintiffs' Complaint has sufficiently articulated a claim for conversion.  *See Newbro v. Freed*, 409 F.Supp.2d 386, 395 (S.D.N.Y.2006) (In New York, an unauthorized wire transfer from one bank account to another constitutes conversion).

Defendants cited *Citadel Mgmt., Inc. v. Telesis Trust, Inc.*, 123 F. Supp. 2d 133 (S.D.N.Y. 2000), for the proposition that, "unless the funds are held in a distinct separate account in which they are specifically identifiable," Plaintiffs' conversion claim must fail.  *See id.* at 148 n.4; *see also* D.E. 38-1 at 15.  The *Citadel* Court found that the converted funds at issue were not "specifically identifiable"

because they were not segregated or earmarked in a distinct account opened for the purposes of the transaction. *See Citadel Mgmt., Inc.*, 123 F. Supp. 2d at 148. Unlike *Citadel*, Plaintiffs' investment funds were held in a separate account specifically designated for cryptocurrency investment. As set forth in the Complaint, each investor, including Plaintiffs, were directed to wire their investment funds to a specific bank account held at Signature Bank in New York. *See* Complaint at ¶ 63. Additionally, Defendant Michael Ackerman opened the Q3 Trading Account (as defined in the Complaint) to receive Plaintiffs' investment funds from that Signature Bank account for the purposes of executing cryptocurrency trades. *See id.* at ¶ 61. However, Defendants converted Plaintiffs' funds for their personal use before the funds could reach the Q3 Trading Account for which the funds were designated. *See id.* at ¶ 84-86. In light of these specific facts, Plaintiffs have sufficiently alleged a claim for conversion.

## VII.   **PLAINTIFFS HAVE ADEQUATELY PLED UNJUST ENRICHMENT**

To recover on a theory of unjust enrichment under New York law, a party must establish not only that there was enrichment, but that the enrichment was at the plaintiff's expense, and that the circumstances dictate that, in equity and good conscience, the defendant should be required to turn over its money to the plaintiff. *See Dolmetta v. Uintah National Corp.,* 712 F.2d 15, 20 (2d Cir.1983); *see also McGrath v. Hilding,* 41 N.Y.2d 625, 629, 394 N.Y.S.2d 603, 606, 363 N.E.2d 328, 330 (1977); *Universal City Studios, Inc. v. Nintendo Co.,* 797 F.2d 70, 79 (2d Cir.), *cert. denied,* 479 U.S. 987, 107 S.Ct. 578, 93 L.Ed.2d 581 (1986); *accord, e.g., Reprosystem, B.V. v. SCM Corp.,* 727 F.2d 257, 263 (2d Cir.), *cert. denied,* 469 U.S. 828, 105 S.Ct. 110, 83 L.Ed.2d 54 (1984); *Blusal Meats, Inc. v. United States,* 638 F.Supp. 824, 831 (S.D.N.Y.1986), *aff'd,* 817 F.2d 1007, 1008 (2d Cir.1987). Notwithstanding Defendants' argument that Plaintiffs' claim for unjust enrichment "sounds in fraud," Plaintiffs have adequately set forth a claim for unjust enrichment under both the Rule 8(a) and Rule 9(b) standard. *See* supra §II A-B. Defendants improperly benefitted from their role in the

Ponzi scheme by receiving undisclosed licensing fees from Plaintiffs and misappropriating investor funds for their personal use. *See* Complaint at ¶¶85, 86, 87, 91-93, 95-98. It would be against equity and good conscience to all Defendants to keep these funds, so Plaintiffs have sufficiently pled the elements of their unjust enrichment claim. *See Dodona I, LLC v. Goldman Sacks & Co.*, 847 F. Supp. 2d 624, 640 (S.D.N.Y. 2012).

## **CONCLUSION**

For the foregoing reasons, the claims asserted by Plaintiffs against Defendant Seijas and Defendant Tran for violations of section 10(b) of the Exchange Act and Rule 10b-5(a), (b) and (c), fraudulent inducement, breach of fiduciary duty, civil conspiracy to commit fraud, negligence, conversion, and unjust enrichment should be upheld and Defendants' Joint Motion to Dismiss should be denied.

**DATED**:  July 20, 2020
Coral Gables, Florida

HUNTER TAUBMAN FISCHER & LI LLC

*/s/ Mark David Hunter*
Mark David Hunter, Esquire
New York Bar No. 4017331
Jenny Johnson-Sardella, Esquire
New York Bar No. 4225850
2 Alhambra Plaza, Suite 650
Coral Gables, Florida 33134
Tel:     (305) 629-1180
Fax:    (305) 629-8099
E-mail:  mhunter@htflawyers.com
            jsardella@htflawyers.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that the aforementioned document was filed through the Court's CM/ECF system on July 20, 2020.  Parties of record may obtain a copy through the Court's CM/ECF system.  The undersigned certifies that no party of record requires service of documents through any means other than the CM/ECF system.

*/s/ Mark David Hunter*
Mark David Hunter