**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| DOS BOWIES, LP, AUSTIN WALTER, ADAM BRADEN, BARRY ETTINGER, BENJAMIN PHILLIPS, TYC INVESTMENTS, LLC, DANNY EAPEN, ERIC KUNTZ, GEOFFREY ALEXANDER, HUNTER HUDSON, JOSE LLINAS, JOSEPH THAMES, JAMES-PAUL DILL, KENNETH WALTER, PAUL PISKLAK, RAFAL SUBERNAT, RICHARD CAIN, ROY ABRAHAM, RUSSELL BABBITT, RYAN KOCHEN, RIPE CAPITAL PARTNERS LLC, STEVE NURKIN, SYED KALIM HUSSAINI, HEESUK R. YOON, SUNIL CHERRY, PARAG JOSHI, HITEN PATEL, NIMISH PATEL, DAVID WEHBY, PALAM ANNAMALAI, JASON MORRIS, MAULIK PARIKH, VENKAT IYER, HANNIE PATEL, SHYAM KISHAN, WILLIAM HEFLIN BARTON, III, RYAN NEUHAUS and GUPTA BROKERAGE LLC,<br><br>           Plaintiffs,<br>    v.<br><br>MICHAEL ACKERMAN, DR. QUAN TRAN, and JAMES A. SEIJAS.,<br><br>           Defendants. | Civil Action No. 20-cv-2479 (LGS)<br><br>Document Filed Electronically |

**DEFENDANT JAMES A. SEIJAS'S REPLY MEMORANDUM OF LAW IN FURTHER**
**SUPPORT OF MOTION TO DISMISS THE COMPLAINT**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ........................................................................................................................... 2

     I.     Plaintiffs Fail to State a Claim for Securities Fraud ............................................. 2

          A.     Plaintiffs Are Not Entitled to a Presumption of Reliance .......................... 2

          B.     Plaintiffs Fail to Establish Indirect Reliance ............................................. 4

          C.     Plaintiffs Do Not Adequately Allege that Mr. Seijas Acted with Scienter ..................................................................................................... 5

     II.     Plaintiffs Fail to State a Claim for Fraudulent Inducement .................................. 5

     III.     Plaintiffs' Civil Conspiracy Claim Fails as a Matter of Law ................................ 6

     IV.     The Funds for Which Plaintiffs Seek to Recover Are Not Specifically Identifiable ............................................................................................................. 7

     V.     Plaintiffs' Pleading Constitutes Impermissible Lumping ..................................... 8

     VI.     Plaintiffs Fraud-Based Claims Fail to Satisfy Rule 9(b) ...................................... 9

CONCLUSION ..................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acito v. IMCERA Grp.*,
    47 F.3d 47 (2d Cir. 1995)............................................................................................6

*Aetna Casualty and Surety Co. v. Aniero Concrete Co., Inc.*,
    404 F.3d 566 (2d Cir. 2005)......................................................................................8, 9

*Affiliated Ute Citizens of Utah v. United States*,
    406 U.S. 128 (1972).....................................................................................................3

*Ambac Assur. Corp. v. Countrywide Home Loans, Inc.*,
    151 A.D.3d 83 (N.Y. App. Div. 2017) .......................................................................6

*In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*,
    381 F. Supp. 2d 192 (S.D.N.Y. 2004).......................................................................10

*Atuahene v. City of Hartford*,
    10 F. App'x 33 (2d Cir. 2001) .................................................................................8, 9

*Auguston v. Spry*,
    282 A.D.2d 489 (N.Y. App. Div. 2001) ..................................................................7, 8

*Basic Inc. v. Levinson*,
    485 U.S. 224 (1988)..................................................................................................3, 4

*Blue Chip Stamps v. Manor Drug Stores*,
    421 U.S. 723 (1975).....................................................................................................4

*Century 21, Inc. v. F.W. Woolworth, Co.*,
    181 A.D.2d 620 (N.Y. App. Div. 1992) .....................................................................6

*Citadel Mgmt., Inc. v. Telesis Trust, Inc.*,
    123 F. Supp. 2d 133 (S.D.N.Y. 2000).........................................................................7

*In re Citigroup, Inc. Sec. Litig.*,
    330 F. Supp. 2d 367 (S.D.N.Y. 2004).........................................................................5

*In re Crude Oil Commodity Litig.*,
    No. 06-cv-6677, 2007 WL 1946553 (S.D.N.Y. June 28, 2007) .................................8

*Danann Realty Corp. v. Harris*,
    157 N.E.2d 597 (N.Y. 1959).......................................................................................6

*Daly v. Castro LLanes*,
    30 F. Supp. 2d 407 (S.D.N.Y. 1998)...........................................................................9

*Demalco Ltd. v. Feltner*,
    588 F. Supp. 1277 (S.D.N.Y. 1984)........................................................................6, 7

*Erica P. John Fund, Inc. v. Halliburton Co.*,
    563 U.S. 804 (2011).................................................................................................2, 3

*Fezzani v. Bear, Stearns & Co., Inc.*,
  592 F. Supp. 2d 410 (S.D.N.Y. 2008)..................................................................................7

*Gambella v. Guardian Inv'r Servs. Corp.*,
  75 F. Supp. 2d 297 (S.D.N.Y. 1999).....................................................................................4

*Haraden Motorcar Corp. v. Bonarrigo*,
  No. 19-cv-1079, 2020 WL 1915125 (N.D.N.Y. Apr. 20, 2020) ...........................................9

*Hecht v. Commerce Clearing House, Inc.*,
  897 F.2d 21 (2d Cir. 1990)....................................................................................................9

*Int'l Fund Mgmt. S.A. v. Citigroup Inc.*,
  822 F. Supp. 2d 368 (S.D.N.Y. 2011)................................................................................6, 7

*Jackson v. Abernathy*,
  960 F.3d 94 (2d Cir. 2020)....................................................................................................5

*United States ex rel. Kester v. Novartis Pharm. Corp.*,
  23 F. Supp. 3d 242 (S.D.N.Y. 2014)...................................................................................10

*Lesser v. TD Bank, N.A.*,
  18-cv-9922, 2020 WL 1943050 (S.D.N.Y. Apr. 23, 2020) ..................................................4

*M.E.S., Inc. v. Safeco Ins. Co. of Am.*,
  No. 10-cv-2798, 2014 WL 2931398 (E.D.N.Y. June 27, 2014)...........................................9

*Massive Paper Mills v. Two-Ten Corp.*,
  669 F. Supp. 94 (S.D.N.Y. 1987) .........................................................................................7

*Mfrs. Hanover Trust Co. v. Chem. Bank*,
  160 A.D.2d 113 (N.Y. App. Div. 1990) ...............................................................................7

*Rombach v. Chang*,
  355 F.3d 164 (2d Cir. 2004)..............................................................................................5, 9

*Schwartzco Enterprises LLC v. TMH Mgmt., LLC*,
  60 F. Supp. 3d 331 (E.D.N.Y. 2014) ..................................................................................10

*Simon v. Castello*,
  172 F.R.D. 103 (S.D.N.Y. 1997) ..........................................................................................8

*Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*,
  552 U.S. 148 (2008).........................................................................................................2, 4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007)..............................................................................................................5

*Treppel v. Bioval Corp.*,
  No. 03-cv-3002, 2005 WL 2086339 (S.D.N.Y. Aug. 30, 2005)..........................................7

*Turtur v. Rothschild Registry Int'l, Inc.*,
  26 F.3d 304 (2d Cir. 1994)....................................................................................................4

*Waggoner v. Barclays PLC*,
  875 F.3d 79 (2d Cir. 2017)....................................................................................................3

*Wilson v. Comtech Telecomm. Corp.*,
    648 F.2d 88 (2d Cir. 1981)....................................................................................................3

*Wilson v. Dalene*,
    699 F. Supp. 2d 534 (E.D.N.Y. 2010) ...............................................................................10

**Rules**

Fed. R. Civ. P. 8(a) .......................................................................................................1, 6, 9

Fed. R. Civ. P. 9(b) .......................................................................................................1, 6, 9

Fed. R. Civ. P. 12(b)(6).........................................................................................................1

Defendant James A. Seijas ("Mr. Seijas") respectfully submits this Reply Memorandum of Law in further support of his Motion to Dismiss pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6) (the "Motion to Dismiss").[1]

## PRELIMINARY STATEMENT

Plaintiffs' Complaint is devoid of any allegations, let alone the required, particularized allegations, that establish the reliance and causation elements of their securities and common law fraud claims. Unable to point to particularized facts in their Complaint, Plaintiffs claim they are entitled to a rebuttable presumption of reliance based on the existence of a fiduciary relationship. The *only* case Plaintiffs cite, however, does not discuss any such presumption and no such presumption is applicable to Plaintiffs' claims, which sound in affirmative misrepresentations. Plaintiffs' attempt to rely upon the doctrine of indirect reliance is equally unavailing, as they fail to establish even one of the two required elements for the doctrine's application and, in any event, have not and cannot connect any purported statements made by Mr. Seijas with any subsequent action taken by Plaintiffs. Finally, Plaintiffs completely fail to mention, let alone address, whether Mr. Seijas acted with the requisite scienter. Based on these pleading deficiencies, Plaintiffs' securities and fraudulent inducement claims should be dismissed.

Plaintiffs' remaining claims are also subject to dismissal. Because Plaintiffs cannot adequately plead fraud, their civil conspiracy claim fails as a matter of law. Plaintiffs' conversion claim cannot stand because, as Plaintiffs concede, their funds were commingled within Q3 I, LP's Signature Bank account and are, thus, not "specific and identifiable," as required for conversion. Finally, Plaintiffs point to nothing that excuses their conclusory assertions and generalized

---

[1] On July 29, 2020, Defendant Dr. Quan Tran filed for Chapter 7 Bankruptcy in the Bankruptcy Court for the Middle District of Florida. (ECF No. 42). In light of this filing, Dr. Tran no longer joins in foregoing motion to dismiss.

references to "Defendants" and "Plaintiffs" in their Complaint, which fails to satisfy Rule 8(a) and 9(b)'s pleading standards.  For these reasons and the reasons set forth below, the Complaint should be dismissed as to Mr. Seijas with prejudice.[2]

## ARGUMENT

### I.      Plaintiffs Fail to State a Claim for Securities Fraud

It is beyond peradventure that reliance and causation are required elements of a securities fraud claim.  Reliance is essential because it "[i]t ensures that, for liability to arise, the 'requisite causal connection between a defendant's misrepresentation and a plaintiff's injury' exists as a predicate for liability."  *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 159 (2008) (citation omitted).  Realizing that their Complaint falls short, Plaintiffs argue, without legal support, that they are entitled to a rebuttable presumption of reliance simply based on allegations of a fiduciary relationship.  Alternatively, Plaintiffs attempt to rely upon the doctrine of indirect reliance, yet completely fail to address either of the doctrine's key elements.  Neither argument excuses the fatal deficiencies in Plaintiffs' Complaint, which lacks any allegations that connect Mr. Seijas's purported misstatements with Plaintiffs' actions, or particularized facts creating a strong inference of scienter.  Because Plaintiffs fall woefully short of pleading reliance, causation or scienter, their securities fraud claim should be dismissed.

### A.      Plaintiffs Are Not Entitled to a Presumption of Reliance

Plaintiffs torture the holding of *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 810 (2011) (*Halliburton*) in arguing that they are entitled to a presumption of reliance based on allegations of a fiduciary relationship.  *Halliburton* does not establish a presumption based on a

---

[2] Plaintiffs have twice been put on notice of the deficiencies in their Complaint and, twice, they have chosen to defend their Complaint, rather than amend.  In any event, no amendment could cure Plaintiffs' claims as to Mr. Seijas, which should be dismissed with prejudice.

fiduciary relationship.  Rather, *Halliburton* addresses the fraud-on-the-market presumption, which Plaintiffs have not pled and is nevertheless inapplicable.  The fraud-on-the-market presumption applies when a security at issue is traded in an efficient market, where the market price is assumed to reflect all publicly available information and, thus, by relying on the integrity of the market, the investor is presumed to have relied on the alleged misrepresentation that set the market price.  *Id.* at 811 (citing *Basic Inc. v. Levinson*, 485 U.S. 224, 241-48 (1988)).  That doctrine has no application where, as here, the security at issue (a limited partnership interest in a private hedge fund) was not traded in any market, let alone an efficient market.

Plaintiffs argue disingenuously that in *Halliburton,* the Supreme Court explained "reliance may adequately be based on a rebuttable presumption created by a fiduciary relationship between Defendants and Plaintiffs in this matter."  Pls' Opp. at 5.  The Supreme Court said nothing of the sort.  In fact, nowhere in the opinion are the terms "fiduciary" or "fiduciary relationship" even mentioned.  Rather, the Supreme Court explained that reliance can be established in "[t]he traditional (and most direct) way," where the plaintiff was actually aware of the alleged misrepresentation and purchased or sold a security based on it, or based on the fraud-on-the-market presumption in the case of a security traded in an impersonal market.  *Halliburton*, 563 U.S. at 810-11.  As indicated above, fraud-on-the-market is inapplicable, and Plaintiffs do not even argue that they adequately alleged actual reliance.[3]

---

[3] Plaintiffs' failure to cite any relevant authority is reason enough for the Court to reject the contention that a fiduciary relationship can lead to a rebuttable presumption of reliance.  To the extent the Court were inclined to indulge Plaintiffs and assume they were seeking to avail themselves of the *Affiliated Ute* presumption, the Court should still reject Plaintiffs' argument. That presumption is only applicable in cases "involving ***primarily a failure to disclose***," *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 153-54 (1972) (emphasis added), and not where, as here, the primary allegations sound in affirmative misrepresentations. *See Waggoner v. Barclays PLC*, 875 F.3d 79, 95-96 (2d Cir. 2017); *see also Wilson v. Comtech Telecomm. Corp.*,

B.      **Plaintiffs Fail to Establish Indirect Reliance**

Plaintiffs' attempt to invoke the doctrine of indirect reliance is equally unavailing.  For this doctrine to apply, a plaintiff must allege: "(1) the plaintiff received the information from someone who had received it from the defendant, and (2) the defendant intended the misrepresentation to be conveyed to him."  *Turtur v. Rothschild Registry Int'l, Inc.*, 26 F.3d 304, 310 (2d Cir. 1994).  There are no allegations in the Complaint to support either of the two required legs.  Plaintiffs have not alleged that Mr. Seijas *intended* his purported discussion with Plaintiff Walter to be conveyed to others.  Nor have Plaintiffs asserted that Plaintiff Walter did, in fact, share these purported statements with specific Plaintiffs; instead, the Complaint makes a general assertion that Mr. Seijas "was aware that Mr. Walter would be passing the [purported] misstatements along[.]"  Compl. at ¶ 81.  Nothing more is alleged.[4]

Finally, even if Plaintiffs had adequately pled indirect reliance, their claims would still fail because they do not demonstrate any causal connection between Mr. Seijas's statements and Plaintiffs' investments.  *See Stoneridge Inv. Partners, LLC*, 552 U.S. at 157 ("as a predicate for liability," the plaintiff must allege "the 'requisite causal connection between a defendant's misrepresentation and a plaintiff's injury'") (quoting *Basic Inc.*, 485 U.S. at 243).  According to

---

648 F.2d 88, 93 (2d Cir. 1981) (holding that the rationale for the *Affiliated Ute* presumption is applicable only where no positive statements exist).

[4] Plaintiffs impermissibly attempt to cure these deficiencies by asserting, in Opposition, that "Plaintiff Dos Bowies transmitted Defendant Seijas' statements to Plaintiffs . . . which Plaintiffs relied on to continue their investments in 2019."  Pls' Opp. at 6.  Even assuming this conclusory and self-serving allegation is sufficient, which it is not, it does not exist within the four corners of the Complaint and, therefore, should not be considered as part of the present motion.  *Lesser v. TD Bank, N.A.*, 18-cv-9922, 2020 WL 1943050, at *11 (S.D.N.Y. Apr. 23, 2020) ("A party opposing a motion to dismiss cannot amend its complaint by making new factual allegations in a memorandum of law opposing that motion or attaching evidentiary matter.").  Moreover, allegations that Plaintiffs were induced to retain a security are not sufficient to state a 10b-5 claim.  *See Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 731 (1975); *Gambella v. Guardian Inv'r Servs. Corp.*, 75 F. Supp. 2d 297, 299 (S.D.N.Y. 1999) ("only an actual purchaser or seller of a security may maintain a cause of action for fraud under Rule 10b-5.").

the Complaint, the purported misstatements made by Mr. Seijas occurred "[i]n or about late 2019."

Compl. at ¶ 79.[5]  By then, however, almost every named Plaintiff had ceased investing with the

Q3 Companies.  *Id*. at ¶¶ 13-50.  And, of the three named Plaintiffs that purportedly continued

investing through November 2019, not one of them claim to have heard these alleged

misstatements, let alone relied upon them.  *Id.*

C.       **Plaintiffs Do Not Adequately Allege that Mr. Seijas Acted with Scienter**

Under the PSLRA, a plaintiff must "state with particularity facts giving rise to a strong

inference that the defendant acted with the required state of mind." *In re Citigroup, Inc. Sec. Litig.*,

330 F. Supp. 2d 367, 380 (S.D.N.Y. 2004); *see also Rombach v. Chang*, 355 F.3d 164, 172 (2d

Cir. 2004).  "Yet the inference of scienter must be more than merely 'reasonable' or 'permissible'-

-it must be cogent and compelling, thus strong in light of other explanations.  *See Tellabs, Inc. v.*

*Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007); *Jackson v. Abernathy*, 960 F.3d 94, 98 (2d

Cir. 2020) ("Under this heightened pleading standard, a 'complaint will survive . . . only if a

reasonable person would deem the inference of scienter cogent and at least as compelling as any

opposing inference one could draw from the facts alleged.'" (citation omitted)).  Plaintiffs have

not alleged a single fact supporting their conclusory allegation that Mr. Seijas knew his statements

were untrue when made or that he made the statements in reckless disregard of their truth.[6]  As

such, for any one of the above reasons, Plaintiffs' securities claim should be dismissed.

**II.      Plaintiffs Fail to State a Claim for Fraudulent Inducement**

As with Plaintiffs' securities fraud claim, Plaintiffs fail to allege "justifiable reliance" or

---

[5] It bears repeating that many of the purported misstatements identified in the Complaint were
clearly conveyed in writing, and not orally.  Thus, Plaintiffs' claim that an entire "conversation"
"was transcribed into the Complaint[,]" Pls' Opp. at 7, is not supported by any allegation in the
Complaint and casts further doubt as to the veracity of these allegations.
[6] Again, Mr. Seijas was not named as a defendant in either of the civil actions initiated by the SEC
or CFTC, nor was he indicted by the Department of Justice.

otherwise plead particularized facts that demonstrate Mr. Seijas's fraudulent intent.  "The element of justifiable reliance is 'essential' to any fraud claim." *Ambac Assur. Corp. v. Countrywide Home Loans, Inc.*, 151 A.D.3d 83, 85 (N.Y. App. Div. 2017); *see also Danann Realty Corp. v. Harris*, 157 N.E.2d 597, 599-600 (N.Y. 1959) ("it is a fundamental precept that the asserted reliance must be found to be justifiable under all the circumstances before a complaint can be found to state a cause of action in fraud.").   Moreover, "[c]ourts in this district . . . have repeatedly refused to import [a] presumption [of reliance for misleading omissions] into New York common law." *Int'l Fund Mgmt. S.A. v. Citigroup Inc.*, 822 F. Supp. 2d 368, 387 (S.D.N.Y. 2011) (collecting cases). "Plaintiffs must therefore show actual reliance for misrepresentations *and* omissions." *Id.*  Here, Plaintiffs have made no such showing.  In fact, Plaintiffs' Opposition does not offer a single word in defense of the adequacy of their reliance allegations, which further underscores the reality that reliance has not been pled.

In addition to failing to plead reliance, Plaintiffs do not allege that Mr. Seijas acted with scienter.  *See Century 21, Inc. v. F.W. Woolworth, Co.*, 181 A.D.2d 620, 625 (N.Y. App. Div. 1992) (recognizing scienter as an "essential element" for a claim for fraudulent inducement).  As discussed above, this requires that the complaint "allege facts that give rise to a strong inference of fraudulent intent." *Acito v. IMCERA Grp.*, 47 F.3d 47, 52 (2d Cir. 1995).  Again, Plaintiffs fail to set forth any facts whatsoever that demonstrate that Mr. Seijas knew that any of the purported misstatements were false when made, or otherwise allege that Mr. Seijas acted with such fraudulent intent.   For these reasons, Plaintiffs' fraudulent inducement claim should be dismissed.

## III.   Plaintiffs' Civil Conspiracy Claim Fails as a Matter of Law

Whether assessed under the more liberal pleading standard of Rule 8(a) or the heightened pleading requirements of Rule 9(b), Plaintiffs' civil conspiracy claim must be dismissed since the underlying tort of fraud is not adequately pled. *Demalco Ltd. v. Feltner*, 588 F. Supp. 1277, 1278

(S.D.N.Y. 1984) ("It is well settled in New York that 'civil conspiracy to commit fraud, standing alone, is not actionable.'" (citation omitted).  Here, because each of Plaintiffs' alternative fraud theories fail, so too must its civil conspiracy claim.  *See id.*; *Int'l Fund Mgmt. S.A.*, 822 F. Supp. 2d at 387 ("[s]ince plaintiffs have failed to plead fraud, their conspiracy claim necessarily fails."). Even assuming that fraud was adequately pled, nowhere in the Complaint do Plaintiffs assert the existence of "a corrupt agreement between two or more parties," *Fezzani v. Bear, Stearns & Co., Inc.*, 592 F. Supp. 2d 410, 429 (S.D.N.Y. 2008), or that Mr. Seijas acted in furtherance of an alleged conspiracy to defraud Plaintiffs.  *Treppel v. Bioval Corp.*, No. 03-cv-3002, 2005 WL 2086339, at *5 (S.D.N.Y. Aug. 30, 2005) (to assert a civil conspiracy claim, the plaintiff must allege that there "was an agreement between the conspirators and they committed an overt act in furtherance of the agreement.").  For this reason, Plaintiffs' civil conspiracy claim should be dismissed.

**IV.     The Funds for Which Plaintiffs Seek to Recover Are Not Specifically Identifiable**

Because Plaintiffs seek to recover funds that are not specifically identifiable, Plaintiffs' conversion claim fails.  "It is well settled that an action will lie for the conversion of money where there is a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question." *Mfrs. Hanover Trust Co. v. Chem. Bank*, 160 A.D.2d 113, 124 (N.Y. App. Div. 1990); *Citadel Mgmt., Inc. v. Telesis Trust, Inc.*, 123 F. Supp. 2d 133, 148 n.4 (S.D.N.Y. 2000) ("unless the funds are held in a distinct separate account in which they are specifically identifiable[,]" Plaintiffs' conversion claim must fail).  Where, as here, funds are commingled into a single account, a claim for conversion will not stand.  *See Auguston v. Spry*, 282 A.D.2d 489, 491 (N.Y. App. Div. 2001) ("As commingled money, [the plaintiff's] money was incapable of being converted"); *Massive Paper Mills v. Two-Ten Corp.*, 669 F. Supp. 94, 96 (S.D.N.Y. 1987) ("proof of monies paid into a general corporate account is insufficient to meet the 'specifically identifiable' standard of actions for conversion of money.").

7

In *Auguston*, the plaintiff sued for conversion after investing $200,000 into a beverage company based on misrepresentations regarding the company's solvency and Canadian distribution rights. 282 A.D.2d at 489-90. In affirming dismissal of the conversion claim, the Appellate Division explained that because the plaintiff's money was commingled with the defendant's capital, the plaintiff's conversion claim must fail since "it was incapable of being converted" and otherwise not specific and identifiable. *Id.* at 491. A similar outcome is warranted here. Plaintiffs concede that their funds were commingled within Q3 I, LP's account at Signature Bank. Compl. at ¶¶ 54 ("Defendants instructed Plaintiffs to transfer funds into a bank account held in the name of Q3I at Signature Bank"); 63 ("New investors, including Plaintiffs, were directed to wire their capital contributions to Q3I to a Signature Bank account[.]"). Because these funds were commingled with capital from other non-party investors, they are incapable of being specific and identifiable, and the conversion claim should be dismissed.

## V.      Plaintiffs' Pleading Constitutes Impermissible Lumping

It is black-letter law that "where multiple defendants are alleged to have committed fraud, the complaint must specifically allege the fraud perpetrated by each defendant, and 'lumping' all defendants together fails to satisfy the particularity requirement." *In re Crude Oil Commodity Litig.*, No. 06-cv-6677, 2007 WL 1946553, at *6 (S.D.N.Y. June 28, 2007) (quoting *Simon v. Castello*, 172 F.R.D. 103, 105 (S.D.N.Y. 1997)). Indeed, lumping multiple defendants into each claim and providing "no factual basis to distinguish their conduct" fails to satisfy even Rule 8(a)'s more liberal pleading standard. *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001). Plaintiffs' attempt to distinguish its pleading from those criticized in *Aetna Casualty and Surety Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 579-80 (2d Cir. 2005) and *Atuahene* is inapposite.

Aside from five paragraphs directed towards Mr. Seijas, the Complaint does nothing more than make broad-sweeping allegations regarding all of the Defendants, collectively. Indeed,

8

Plaintiffs can only point to eight paragraphs in their entire Complaint that they believe overcome this Court's admonition towards lumping.  Pls' Opp. at 4.  Even with those eight paragraphs, the Complaint fails to adequately identify conduct specific to each Defendant that supports each of the seven claims asserted against Mr. Seijas.  In fact, aside from Counts I and II, Plaintiffs do not even attempt to identify each Defendant by name, let alone specify the wrongful conduct that each is alleged to have committed.  This is precisely the form of lumping that will not be tolerated by Courts in this Circuit.  *See, e.g.*, *Aetna*, 404 F.3d at 579-80 ("Sweeping references to the collective fraudulent actions of multiple defendants will not satisfy the particularity requirements of Rule 9(b)."); *Atuahene*, 10 F. App'x at 34 (applying Rule 8(a)).

## VI.     Plaintiffs Fraud-Based Claims Fail to Satisfy Rule 9(b)

Claims that are "premised on fraud" are subject to Rule 9(b)'s heightened pleading requirements. *Daly v. Castro LLanes*, 30 F. Supp. 2d 407, 414 (S.D.N.Y. 1998) (holding that Rule 9(b) applies "to elements of other claims that are premised on fraud."); *Rombach*, 355 F.3d at 172 (the complaint's "wording and imputations" are "classically associated with fraud" and trigger Rule 9(b)).  As set forth in Defendants' Opening Brief, because Counts IV, VII and VIII[7] are firmly rooted in fraud-based allegations, they trigger Rule 9(b)'s heightened pleading standard.  *See id.; Daly*, 20 F. Supp. 2d at 413-14 (applying Rule 9(b) to claims of conversion, misappropriation and unjust enrichment); *Haraden Motorcar Corp. v. Bonarrigo*, No. 19-cv-1079, 2020 WL 1915125, at *5 (N.D.N.Y. Apr. 20, 2020) (applying Rule 9(b) to the plaintiff's fraud, unjust enrichment, and

---

[7] Mr. Seijas acknowledges that a claim for civil conspiracy is "measured under the more liberal pleading requirements of Rule 8(a)." *M.E.S., Inc. v. Safeco Ins. Co. of Am.*, No. 10-cv-2798, 2014 WL 2931398, at *13 (E.D.N.Y. June 27, 2014) (quoting *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 26 n.4 (2d Cir. 1990)).  However, the underlying tort of fraud must still be pled with Rule 9(b) particularity.  *Hecht*, 897 F.2d at 26.

breach of fiduciary duty claims).[8]

As fraud-based claims, Plaintiffs are required to, at minimum, allege "the who, what, when, where and how of the alleged fraud."  *United States ex rel. Kester v. Novartis Pharm. Corp.*, 23 F. Supp. 3d 242, 252 (S.D.N.Y. 2014).  For none of Counts IV, VII, or VIII have Plaintiffs done so. Instead, the Complaint is rife with "mere blanket statements of wrongdoing" that do not even attempt to identify Mr. Seijas by name, let alone identify the individual acts of fraud or wrongdoing performed by each.  *See Wilson v. Dalene*, 699 F. Supp. 2d 534, 548 (E.D.N.Y. 2010) (quoting *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, 381 F. Supp. 2d 192, 238 (S.D.N.Y. 2004)). As such, because Plaintiffs have fallen woefully short of pleading these claims with particularity, Counts IV, VII, and VIII must be dismissed.

### CONCLUSION

For the reasons addressed in the Opening Memorandum of Law and above, Mr. Seijas respectfully requests that the Court dismiss all claims asserted against him with prejudice.

DATED this 3rd day of August, 2020.

> */s/ Jason H. Kislin*
> Jason H. Kislin
> Matthew F. Bruno
> GREENBERG TRAURIG, LLP
> 500 Campus Drive, Suite 400
> Florham Park, New Jersey  07932
> Tel:  (973) 360-7906
> kislinj@gtlaw.com
> brunoma@gtlaw.com
>
> *Counsel for Defendant James A. Seijas*

---

[8] The Court's decision in *Schwartzco Enterprises LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331 (E.D.N.Y. 2014), cited by Plaintiffs, supports Mr. Seijas's argument.  *See id.* at 351-53 (holding that plaintiff's breach of fiduciary claims are subject to Rule 9(b)'s heightened pleading standard, since the claims "sound in fraud" and seek to "brand the Defendants as liars, not thieves.").